IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-04305 |
| | ) | |
| RONALD SHELDON WILD, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | **Hearing Date: December 8, 2016** |
| | ) | **Hearing Time: 10:30 a.m.** |
| | ) | **Courtroom: 644** |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF
FRANKGECKER LLP, COUNSEL TO FRANCES GECKER,
CHAPTER 7 TRUSTEE OF THE ESTATE OF RONALD SHELDON WILD**

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, solely as Chapter 7 Trustee of Ronald Sheldon Wild |
| Date of Retention: | July 7, 2014 retroactive to March 14, 2014 |
| Period for Which Compensation is Sought: | March 14, 2014 through October 31, 2016 |
| Amount of Fees Sought: | $    $103,382.50 |
| Amount of Expense Reimbursement Sought: | $    $469.12 |
| This is a: | First and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-04305 |
| | ) | |
| RONALD SHELDON WILD, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | **Hearing Date:  December 8, 2016** |
| | ) | **Hearing Time:  10:30 a.m.** |
| | ) | **Courtroom:       644** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **December 8, 2016** at **10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis in her usual Courtroom No. 644, United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **First and Final Fee Application of FrankGecker LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to Frances Gecker, solely as Chapter 7 Trustee of Ronald S. Wild**, at which time and place you may appear if you see fit. A copy of said motion is attached hereto and is herewith served upon you.

Dated: October 31, 2016

                                                     Respectfully submitted,

                                                    FRANCES GECKER, solely as Chapter 7
                                                    Trustee of Ronald Sheldon Wild

                                                    By:     /s/     *Micah R. Krohn*
                                                           One of her attorneys

Micah R. Krohn (IL Bar No. 6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
*mkrohn@fgllp.com*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RONALD SHELDON WILD, | ) | No. 14-04305 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP,
COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF RONALD SHELDON WILD**

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of RONALD SHELDON WILD (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 507(a)(1) for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing March 14, 2014 through and including October 31, 2016 (the "Application Period"). In support hereof, FG respectfully represents as follows:

**INTRODUCTION**

1. On February 12, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code. On July 17, 2014, the Court entered order authorizing the Trustee to employ the firm of FrankGecker LLP ("FG") as her attorneys retroactive to March 14, 2014 [Dkt. No. 32].

2. From the inception of FG's employment in this case, FG was required to expend considerable effort to overcome the resistance of the Debtor and several of his colleagues to the Trustee's administration of the estate. The only assets that the Debtor disclosed as having any value to the estate (various pieces of art and furniture, claims against the probate estate (the

{}

"Werner Estate") of the Debtor's deceased longtime companion, Rhea Werner, and legal malpractice claims against several law firms) had nominal or no value to the estate. On the other hand, the Debtor claimed that his beneficial interests in three trusts were worthless when, in reality, assets in those trusts ultimately generated hundreds of thousands of dollars for the estate and its creditors.

3. Specifically, on February 12, 2015, the Trustee sold a condominium held in the Gary Wild Revocable Trust (the "Evanston Condo") for $160,000, allowing the payment of several years of real estate taxes, past due condo association fees, attorney liens, and a divorce judgment lien, totaling approximately $113,500, while generating an additional $38,000 for the estate. In addition, after obtaining this Court's authorization to sell the Debtor's residence (the "Lakeview Condo") over objections prosecuted by the Debtor and an alleged mortgagee, the Trustee reached a settlement with those parties that yielded the estate another $175,000 (subsequently reduced by agreement to $146,301 after the withdrawal of a creditor's claim). FG's efforts in this case will allow an approximate 92% distribution on account of remaining timely filed claims.

4. FG encountered significant resistance from the Debtor that required a commensurate allocation of FG resources, and a resultant increase in FG's fees. For example, the Debtor failed to disclose his beneficial interest in the Evanston Condo. The Debtor maintained throughout this case that his beneficial interest in the Gary Wild Revocable Trust had no value. *See* Schedule B [Dkt. No. 9]; Amended Schedule B dated June 27, 2014 [Dkt. No. 23]; Amended Schedule B dated February 17, 2015 [Dkt. No. 89]. Both the Debtor and Lauren Evans DeJong, the trustee of the Gary Wild Revocable Trust, failed to cooperate with the Trustee's investigation of the Trusts. In October, 2014, the Trustee was forced to obtain a turnover order from this Court directing both the Debtor and Ms. DeJong to turn over and account for assets of the Debtor. *See*

Order Granting Trustee's Amended Motion For Turnover of Assets [Dkt. No. 59]. As set forth above, ultimately, the Evanston Condo was sold pursuant to this Court's order dated January 20, 2015 [Dkt. No. 88] for $160,000.

5. In addition, the Debtor, Industrial Subsidies, Inc., an entity wholly owned by the Baruch Wild Revocable Trust ("ISI"), and the Baruch Wild Revocable Trust, of which the Debtor was the sole beneficiary (collectively, the "Debtor Parties"), all argued that the Lakeview Condo was encumbered by ISI's alleged mortgage exceeding $700,000. The Trustee argued that the mortgage was unenforceable for a number of reasons, including that the underlying promissory note was unenforceable under Illinois law. The Debtor Parties vigorously opposed the Trustee's efforts to sell the Lakeview Condo.

6. On December 10, 2015, the Court entered an order authorizing the Trustee to retain *@properties* as the Trustee's real estate broker (the "Broker") to market the Lakeview Condo for sale [Dkt. No. 127]. Nonetheless, despite recurring requests from the Broker and FG, the Debtor failed to provide the Broker access to the Property. On December 22, 2015, the Trustee filed a motion to compel the Debtor to turn over the keys to the Lakeview Condo and cooperate with the Broker. On January 5, 2016, this court entered an order directing the Debtor to cooperate in marketing the Lakeview Condo for sale [Dkt. No. 136].

7. After the Trustee began marketing the Lakeview Condo for sale, the Trustee, the Debtor, ISI and the Baruch Wild Revocable Trust entered into lengthy settlement negotiations. On May 26, 2016, this court approved the parties' settlement whereby the Debtor agreed to pay the Trustee $175,000 in exchange for the Trustee's abandonment of the Debtor's remaining property [Dkt. No. 151].

8.  Other issues that FG encountered in representing the Trustee include: FG's investigation and objection to exemptions claimed by the Debtor, FG's investigation of the spendthrift nature of the Baruch Wild Revocable Trust, and two condominiums owned by that Trust, and claims advanced by the Werner Estate and the Debtor, against each other and the Debtor's bankruptcy estate, relating to certain artwork and the Debtor's claim for services that the Debtor allegedly rendered to Ms. Werner during the last few years of her life.

I.  **SERVICES PERFORMED**

   A.  **Administration**                                          **$4,794.50**

Counsel spent 11.70 hours at a cost of $4,794.50 on general case administration matters. This category encompasses all general case administration matters, including extensions of time to object to the Debtor's exemptions and discharge, investigation of certain tax issues, and services relating to a foreclosure action prosecuted by Bank of America in connection with a condominium owned by the Baruch Wild Revocable Trust.

   B.  **Appearance at Court Hearings**                            **$7,041.00**

Counsel spent 17.70 hours at a cost of $7,041.00 preparing for and appearing before the Court on various matters, including the Trustee's objection to certain exemptions claimed by the Debtor, employment of the Trustee's real estate brokers for two properties, the sale of the Evanston Condo, the sale of the Lakeview Condo, two motions to compel, and the Trustee's settlement with the Debtor Parties. Because of the contentiousness that the Trustee encountered throughout this case, almost all these matters required multiple hearings.

   C.  **Asset Investigation**                                     **$17,235.00**

Counsel spent 42.10 hours at a cost of $17,235.00 investigating the assets comprising the Debtor's estate. Much of FG's efforts in this area involved investigating and analyzing the Baruch

4

Wild Revocable Trust and the Gary Wild Revocable Trust and the assets held therein, and formulating and advancing the Trustee's position that those trusts were not valid spendthrift trusts whose assets were exempt from the Debtor's estate. In addition, FG investigated claims identified by the Debtor against his former law firms and the Werner Estate, furniture and several pieces of artwork and other collectibles that the Debtor asserted were valuable (the "Collectibles"). Both the Debtor and the Werner Estate raised the ownership of the Collectibles in adversary proceedings that named the Trustee as a defendant.

### D. Claims/Claim Objections $1,623.00

Counsel spent 4.30 hours at a cost of $1,623.00 reviewing and analyzing claims against the Debtor, including the Debtor's alleged debt to Dykema, scheduled in as an undisputed claim in the amount of $250,000, which Dykema elected not to pursue, and an untimely claim asserted by the Werner Estate and its motion to deem that claim timely filed.

### E. Evanston Condominium $19,754.50

Counsel spent 60.80 hours at a cost of $19,754.50 in connection with the Trustee's investigation and sale of the Evanston Condo. FG's services included reviewing documents, communicating with Maryam Ryabets-Wild, the Debtor's ex-wife, Family Legal Services, LLP and Grant and Grant, PC regarding liens that each of those entities asserted against the Evanston Condo, and communicating with the trustee of the Gary Wild Revocable Trust regarding the transfer of title to the Trustee prior to the issuance of the Trustee Deed. The sale of the Evanston Condo generated approximately $151,500 for the benefit of the estate, of which approximately $113,500 was paid directly to the Debtor's secured creditors at closing.

| | | |
|---|---|---|
| F. | **N. Lakeshore/Settlement With Debtor** | **$45,028.50** |

Counsel spent 105.10 hours at a cost of $45,028.50 investigating and pursuing the sale of the Lakeshore Condo, the Debtor's primary residence, and negotiating a global settlement with the Debtor, the Baruch Wild Revocable Trust and ISI to resolve the disputes predominating the case. This matter was the most contentious matter faced by FG in this case, requiring the greatest allocation of resources, and ultimately generating substantial value for the estate. Among other things, FG engaged in discovery, reviewed documents, performed legal research, and drafted and filed briefs in support of the Trustee's arguments that ISI's asserted mortgage was unenforceable. In addition, FG communicated with the Trustee's real estate broker, prosecuted motions to sell the Lakeview Condo and to compel the Debtor's cooperation, and engaged in extensive settlement discussions with the Debtor, Blair Christiansen, the trustee of the Baruch Wild Revocable Trust, and ISI. In light of ISI's contested mortgage, and the Debtor's attempts to finance a settlement with the Trustee to allow him to retain ownership and possession of the Lakeview Condo, the resolution of this matter was protracted. FG coordinated and reached a settlement agreement that resulted in the withdrawal of a claim in the amount of $28,699, and a cash recovery to the estate of $146,301.

| | | |
|---|---|---|
| G. | **Retention and Payment of Professionals** | **$7,906.00** |

Counsel spent 25.20 hours at a cost of $7,906.00 preparing and filing motions to employ FG as the Trustee's bankruptcy attorneys, negotiating the terms of employment of the Trustee's real estate brokers, drafting motions to retain the brokers, reviewing time entries, and preparing FG's fee application and a motion to pay *@properties,* the Trustee's real estate broker in connection with the Lakeview Condo.

6

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A. <u>Micah R. Krohn</u> (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees, creditors' committees, debtors and creditors for nearly 25 years.

B. <u>Zane L. Zielinski (ZLZ)</u> was an associate at FG. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, and has represented trustees, debtors and creditors in bankruptcy cases. Mr. Zielinski now serves on the panel of Chapter 7 trustees in this district.

C. <u>Reed Heiligman (RH)</u> is an associate at FG. Mr. Heiligman is a graduate of The John Marshall Law School where he served as Managing Editor of The John Marshall Law Review. Mr. Heiligman regularly represents secured and unsecured creditors, creditors' committees and bankruptcy trustees.

D. <u>Michael H. Matlock</u> (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

E. <u>Christina Smith</u> (CSS) is a paralegal at FG. Ms. Smith assisted counsel with case research and case administration. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years.

III. **CALCULATION OF TIME AND FEES**

9. This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from March 14, 2014 to and including October 31, 2016. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG

7

and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

10. As set forth in **Exhibit A** hereto, the attorneys and paralegals at FG have spent a total of 267.20 hours providing necessary legal services for the Trustee. FG requests compensation in the amount of $103,382.50 for actual, necessary legal services performed, as itemized in Exhibit A. The blended hourly rate is $386.91. Additionally, counsel has expended the sum of $469.12 for actual, necessary expenses incurred in representing the Trustee, as itemized on page 35 of Exhibit A.

11. In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. FG worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

12. FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. FG does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue

8

revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

13. No compensation has been promised to counsel other than as disclosed or approved by this Court. FG certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A. Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of $103,382.50;

B. Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of $469.12;

C. Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of $103,851.62; and

D. Granting such other relief as the Court deems just and equitable.

Dated: October 31, 2016         Respectfully submitted,

                                FRANKGECKER, LLP

                                By: /s/ Micah R. Krohn

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:  (312) 276-1400
Facsimile:  (312) 276-0035
mkrohn@fgllp.com