## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-04305 |
| | ) | |
| RONALD SHELDON WILD, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | **Hearing Date:  December 8, 2016** |
| | ) | **Hearing Time:  10:30 a.m.** |
| | ) | **Courtroom:     644** |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION
## AND REIMBURSEMENT OF EXPENSES OF AT WORLD PROPERTIES, LLC

Name of Applicant:                        At World Properties, LLC a/k/a @properties

Authorized to Provide                     Frances F. Gecker, Chapter 7 Trustee of the Estate
Professional Services to:                 of RONALD SHELDON WILD

Period for Which                          December 10, 2015 through May 26, 2016
Compensation is Sought:

Amount of Fees Sought:        $            5,000.00

Amount of Expense             $            0.00
Reimbursement Sought:

This is a:                     First and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $0.00.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-04305 |
| | ) | |
| RONALD SHELDON WILD, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | **Hearing Date:   December 8, 2016** |
| | ) | **Hearing Time:   10:30 a.m.** |
| | ) | **Courtroom:      644** |

### <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE THAT on **December 8, 2016**, at **10:30 a.m.**, we shall appear before the Honorable Pamela S. Hollis, or such other judge as may be sitting in her stead, in Courtroom 644 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **First and Final Fee Application of At World Properties as Real Estate Broker to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of Ronald Sheldon Wild, for Compensation and Reimbursement of Expenses** which was previously served upon you.

Dated:   October 28, 2016

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of RONALD SHELDON WILD,

By:____/s/ Micah R. Krohn_____
       One of Her Attorneys

Micah R. Krohn (IL ARDC #6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
*mkrohn@fgllp.com*

{WILDRON/001/00047816.DOCX/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-04305 |
| | ) | |
| RONALD SHELDON WILD, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |

## FIRST AND FINAL APPLICATION OF
## AT WORLD PROPERTIES, LLC FOR ALLOWANCE OF BROKERAGE FEE

Frances Gecker, not individually, but as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Ronald Sheldon Wild (the "Debtor"), pursuant to 11 U.S.C. § 331 and Fed.R.Bankr.P. 2016, by her attorneys, respectfully requests the entry of an order authorizing the Trustee to pay Larry Giddings and the real estate brokerage firm of At World Properties, LLC a/k/a @properties (collectively, the "Broker") a fee of $5,000 in connection with real estate brokerage services that the Broker provided to the estate.  In support of this application, the Trustee states as follows:

1.      The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought herein are 11 U.S.C. § 331 and Fed.R.Bankr.P. 2016.

2.      On February 12, 2014 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 bankruptcy petition in this Court. Frances Gecker is the Chapter 7 trustee appointed in the Debtor's case.

3.      The Debtor claimed to be the sole beneficiary of a trust (the "RSW Trust") that held legal title to the Debtor's residence, 2400 N. Lakeview, Unit 2803 (the "Property"). The Debtor did not contend that the RSW Trust was a valid spendthrift trust, or contest that the Property was property of the estate.

4.      However, an entity owned by another trust of which the Debtor claimed to be the

sole beneficiary, Industrial Subsidies, Inc. ("ISI"), asserted a mortgage against the Property in an amount far greater than the value of the Property (the "Mortgage").

5. The Trustee disputed that the Mortgage was enforceable, and on July 9, 2015, filed a motion (the "Sale Motion") to sell the Property free and clear of liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f)(4).

6. After extensive briefing, on December 3, 2015, the Court denied the Sale Motion without prejudice, and indicated its preference that the Trustee market the Property for sale and file a motion seeking approval of a proposed sale after obtaining a prospective buyer.

7. On December 10, 2015, the Court granted the Trustee's retention motion and entered an order authorizing the Trustee to enter into a listing agreement with the Broker (the "Listing Agreement") to market the Property for sale [Dkt. No. 127] (the "Retention Order"). Pursuant to the Retention Order, the Broker's compensation is subject to further order of Court.

8. The Broker's early marketing efforts were met with resistance by the Debtor, and the Trustee was required to obtain an order compelling the Debtor's cooperation [Dkt. No. 136].

9. In connection with its retention, the Broker provided services that the Trustee believes were instrumental in facilitating settlement with the Debtor and ISI, that will allow a substantial distribution to creditors.

10. Among other things, the Broker performed an inspection and analysis of the Property, and commissioned and paid for a photo shoot of the Property in connection with listing the Property in the MLS.

11. In addition, five weeks after the Trustee retained the Broker, the Debtor proposed a settlement with the Trustee whereby the Debtor would transfer to the estate another unit in the Building that the Debtor owned indirectly ("Unit 2805") in lieu of the Trustee selling the Property.

The intended goal of the proposed settlement was to allow the Trustee to pay the Debtor's creditors in full while allowing the Debtor to stay in his residence.

12.     At the Trustee's request, and outside the scope of the Listing Agreement, the Broker performed an inspection and analysis of Unit 2805. The Broker's analysis was instrumental in the Trustee's evaluation and ultimate rejection of the Debtor's settlement proposal.

13.     Subsequently, the Debtor made a cash settlement offer to the Trustee, which the Trustee accepted and the Court approved. The settlement provided for the de-listing of the Property in exchange for the Debtor's payment to the estate of $175,000 (subject to adjustments) over time.

14.     The Property listing was active for approximately two months while the Trustee negotiated her settlement with the Debtor.

15.     As a result of the Trustee's settlement with the Debtor, the Broker was not paid a commission as envisioned under the Listing Agreement. Subject to this Court's approval, the Trustee and the Broker agreed that in lieu of its commission, the Broker be paid $5,000 for the brokerage services that the Broker rendered to the estate.

## RELIEF REQUESTED

16.     The Trustee seeks the entry of an order, pursuant to 11 U.S.C. § 331 and Fed.R.Bankr.P. 2016, authorizing the Trustee to pay Larry Giddings and the real estate brokerage firm of At World Properties, LLC a/k/a @properties a $5,000 fee in connection with the real estate brokerage services described herein (**Exhibit A**).

## BASIS FOR THE RELIEF REQUESTED

17.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of compensation. Section 330 provides that a court may award a professional employed under section

327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." § 330(a)(1).

18.    The Trustee respectfully submits that the Broker's services to the estate were, at the time rendered, necessary for and beneficial to the estate. The Trustee further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of the services that the Broker provided to the Trustee.

19.    Among other things, the Broker's inspection and analysis of Unit 2805 led to the Trustee's rejection of the Debtor's first settlement proposal, which the Trustee believes would not have benefited the estate. In addition, the Trustee believes that the Broker's persistent and professional marketing efforts motivated the Debtor to negotiate a reasonable settlement that ultimately was accepted and consummated.

20.    Other than as set forth herein, no payments have been made or promised to the Broker for services rendered in connection with the case. In addition, the Broker has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services in this case.

**WHEREFORE**, Frances Gecker, not individually, but as Chapter 7 Trustee of the bankruptcy estate of Ronald Sheldon Wild respectfully requests that this Court enter an order, pursuant to 11 U.S.C. § 331 and Fed.R.Bankr.P. 2016:

a.    Allowing Larry Giddings and the real estate brokerage firm of At World Properties, LLC a/k/a @properties a final flat service fee for services provided to the Trustee in the amount of $5,000.00;

b.    Authorizing the Trustee to pay Larry Giddings and the real estate brokerage firm of At World Properties, LLC a/k/a @properties a final flat service fee in the amount of $5,000.00;

and

    c.      Granting such other relief as the Court deems just and equitable.


Dated:  October 28, 2016               Respectfully submitted,

                                      FRANCES  GECKER,  solely  as  Chapter  7
                                      Trustee of Ronald Sheldon Wild

                                      By:     /s/    *Micah R. Krohn*
                                              One of her attorneys

Micah R. Krohn (IL ARDC #6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
*mkrohn@fgllp.com*